318

Bertha ALEXANDER, Plaintiff,

v.

CARNIVAL CORPORATION, a foreign
corporation, d/b/a Carnival Cruise
Lines, Defendant.

No. 06–20711–CIV.

United States District Court,
S.D. Florida.

Nov. 7, 2006.

John Heyward Hickey, Hickey Law Firm PA, Miami, FL, for Plaintiff.

Jeffrey Eric Foreman, Jeffrey Bradford Maltzman, Noah Daniel Silverman, Maltzman Foreman PA, Miami, FL, for Defendant.

### ORDER SETTING ASIDE MAGISTRATE JUDGE'S ORDER IN PART

UNGARO–BENAGES, District Judge.

THIS CAUSE is before the Court on Defendant's Objections (DE 43) to the Magistrate Judge's September 19, 2006 Order ("Order") (DE 36) Granting in Part Plaintiff's Motion (DE 13) to Compel Defendant to Produce Documents. The Court has considered the Objections and is otherwise fully advised in the premises.

Defendant seeks relief from a portion of the Order it maintains would compel the disclosure of materials within its work product privilege. *See* DE 43. At issue are accident reports of slip and fall incidents related to food on the teak portion of the Lido (*i.e.* pool) decks of Defendant's ships. *See* DE 43 at 2–3; DE 36 at 2. After a hearing, the Magistrate Judge found that Defendant did not meet its burden of demonstrating that these materials were prepared primarily in anticipation of litigation, as required to assert the work product privilege. *See* DE 36 at 2. The Court has reconsidered the matter and finds that the materials at issue fall within Defendant's work product privilege. *See* Fed.R.Civ.P. 26(b)(3); 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); S.D. Fla. L. Mag. R. 4(a).

■ As stated in *U.S v. Davis*, 636 F.2d 1028, 1040 (5th Cir.1981):

It is admittedly difficult to reduce to a neat general formula the relationship between preparation of a document and possible litigation necessary to trigger the protection of the work product doctrine. We conclude that litigation need not necessarily be imminent, as some courts have suggested, as long as *the primary motivating purpose behind the creation of the document was to aid in possible future litigation.*

*Id.* (emphasis added) (internal citations omitted); *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th, Cir.1981).

█ Thus, the issue herein is whether the primary motivating purpose behind the creation of Defendant's accident reports was to aid in possible future litigation. In this regard, Defendant has produced an affidavit by Suzanne Vazquez, Guest Claims Manager for Defendant's Loss Prevention Department. *See* DE 43, Ex. "F". The affidavit states in relevant part:

The experience of Carnival Cruise Lines is that some passengers who are involved in accidents seek to be compensated for their injuries. Carnival's experience has also shown that frivolous or exaggerated claims of accidents and injuries are frequently made. Litigation often ensues from incidents.

It is the policy of Carnival Cruise Lines to investigate all claims of passenger injuries in anticipation of the litigation described above. When a passenger reports an incident resulting in injury, an accident report is prepared and photographs are taken to memorialize the results of the investigation in anticipation of litigation. The accident report form utilized by Carnival was drafted by counsel for Carnival Cruise Lines and every completed accident report, as well as photographs taken at the time of the accident, are then provided to counsel for Carnival.

These investigative procedures are followed by Carnival at the direction of Carnival's legal counsel, to provide claims handling information to Carnival Cruise Lines and defense counsel in the anticipated litigation.

While it is Carnival Cruise Lines' policy to prepare an accident report and take photographs in the case of every reported claim of passenger injury, the primary function is to assist Carnival Cruise Lines' claims department and defense counsel in litigation.

*Id.* In addition, Defendant has pointed to Vazquez's deposition testimony,[1] which states in relevant part:

Q. But in terms of the accidents involving people slipping and falling, what makes it into the TECNO system is if the person either gets injured and reports it to the infirmary or if the claim is made; correct? (Mr. Foreman: Objection, form.)

A. Right, I mean, onboard the ship, the accident report is generated and when it's clearly going to result in litigation or usually the policy is that if somebody is severely injured, we'd request, the legal department has requested them to get an accident report so that we can start handling the claim in anticipation that there's going to be litigation.

Q. So in other words, if somebody slips on the Lido deck because there's food there, even if they fall but they don't get injured, nobody is going to prepare a report; correct? (Mr. Foreman: Objection, form.).

A. It depends if, even if—I mean, the general policy if somebody just reports with a scraped knee or something, because they fell or something happened, most of the time you're not going to see an accident report from that or like a bruise, unless they want one or unless there's, you know some reason to think that there is either a defective condition, there's going to be litigation, you know, it's the policy set by the attorneys to tell this ship what to do to help defend us, unfortunately we have to do that.

*Id.,* Ex. "E".

Vazquez's testimony reveals that prompted by its attorneys, Defendant has established a

---

**1.** The transcript was not available when the Magistrate Judge considered the matter *See* DE 43 at 7. Also not available to the Magistrate judge were a number of unpublished rulings issued in the Southern District of Florida finding that the reports at issue herein fall within the scope of Defendant's work product privilege *See* DE 43, Exs "B"-"D". Plaintiff's counsel was aware of at least one of those rulings because he had participated in that particular proceeding *Id.,* Ex "D" In briefing the Magistrate Judge, however, Plaintiff's counsel failed to advise of the adverse ruling and only noted a ruling that was favorable to his position. Defendant submits, and the Court agrees, that Plaintiff's counsel was bound by a duty of candor to this Court to provide the adverse ruling for the Magistrate Judge's consideration. *See* S D Fla. L R 11.1(C): R. Regulating Fla Bar 4–3 3(a)(3) The Court also notes that through reasonable diligence, Defendant's counsel could have provided the Magistrate Judge with the adverse rulings he now cites.

policy of preparing reports for those incidents that result in injury and may end up in litigation. These reports are then forwarded to Defendant's attorneys in accordance with the policy. Defendant's position is consistent with its litigation experience and the Court has found no indication that the primary purpose for these reports [2] is other than to aid Defendant in the event of litigation. Further, Defendant has indicated that it does not object to providing "essentially the same information" [3] Plaintiff requests, but in interrogatory form. *See* DE 43 at 2 n. 2. The Court find that this is a reasonable result that will allow Plaintiff to obtain what she seeks without forcing Defendant to provide documents prepared primarily to aid possible future litigation. Accordingly, it is

2. The Court has reviewed the accident report Plaintiff filed as part of DE 56 The accident report form is also consistent with Defendant's position.

3. The Court considers Defendant's statement a representation to this Court that will be taken

ORDERED AND ADJUDGED that the Magistrate Judge's September 19, 2006 Order (DE 36) is SET ASIDE IN PART and the Motion To Compel is DENIED IN PART as provided in this Order.

It is further, ORDERED AND ADJUDGED that Defendant's Motions for Reconsideration (DE 41) and for Oral Argument (DE 47, 48), and Plaintiff's Motion for Extension of Time (DE 57), are DENIED as moot.

into account should any Fed. R. Civ. 37 motion be filed addressing Defendant's failure to answer the subject interrogatories.